UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYDELL IVAN BUIE,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 2:23-cv-2786-CSK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE; ORDER |

      Plaintiff Lydell Ivan Buie, proceeding without the aid of counsel, filed this action on December 1, 2023.[1] (ECF No. 1.) Under the operative scheduling order, Defendant Commissioner of Social Security was to file a copy of the administrative complaint within 90 days of being served, and Plaintiff's motion for summary judgment was to be filed 30 days thereafter. (ECF No. 5 at 3(a)-(b).) The Commissioner filed the transcript on February 5, 2024 (ECF No. 8), making Plaintiff's motion due by March 5, 2024. This deadline passed without any filing by Plaintiff.

      In the interests of justice, the Court refrained from recommending dismissal at that time. Instead, on March 19, 2024, the Court ordered Plaintiff to show cause ("OSC") why the case should not be dismissed for failure to prosecute. (ECF No. 9.) On April 3, 2024,

---

[1] This action is referred to the magistrate judge under Local Rule 302(c)(15).

1

Plaintiff responded, referencing personal matters that inhibited the filing of the motion. (ECF No. 10.) Plaintiff requested an extension of time until May 5, 2024 to file the motion. (*Id.*) Finding good cause, the Court discharged the OSC without comment, granted Plaintiff's request for an extension of time, and ordered Plaintiff's motion for summary judgment be filed by May 5, 2024. (ECF No. 13.) This extended deadline has passed without the filing of a motion by Plaintiff.

Thus, the Court recommends dismissal for failure to prosecute.

## I.   LEGAL STANDARDS – INVOLUNTARY DISMISSALS UNDER RULE 41(b)

Under Federal Rule of Civil Procedure 41, a court may dismiss an action for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's failure to follow the district court's local rules). This court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the federal rules, local rules, or other applicable law may support dismissal of that party's action). The court may act on its own accord in exercising this authority. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

The Ninth Circuit has found the following factors relevant in determining whether a case should be dismissed with prejudice under Rule 41(b):

(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket;
(3) the risk of prejudice to the defendant(s);
(4) the availability of less drastic alternatives; and
(5) the public policy favoring disposition of cases on their merits.

*See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

## II.     DISCUSSION

Applying the factors for involuntary dismissal, the Court finds this action should be dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in favor of dismissal because the public has a strong interest in expeditious resolution of litigation, and Plaintiff has failed to take the steps necessary to move this case forward. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. While the risk of prejudice to Defendant is somewhat minimal, there is some prejudice given the impact on resources of stale litigation.

As to the fourth factor, the Court has already tried less drastic alternatives. Specifically, Plaintiff previously missed the filing deadline and was given an opportunity to explain this failure. (ECF No. 9.) On April 3, 2024, Plaintiff responded, referencing personal matters that inhibited the filing of the motion. (ECF No. 10.) The Court, cognizant of Plaintiff's pro se status, granted Plaintiff's extension request and proposed deadline without comment. (ECF No. 13.) In doing so, the Court referenced the operative scheduling order, which contained a warning that violations may result in sanctions under Local Rule 110. (EFC No. 5 at ¶ 9.) The Clerk of the Court provided Plaintiff with a copy of this scheduling order. (*See* ECF No. 13.) Despite this, Plaintiff has failed to timely file the motion for summary judgment.

Finally, as to the public policy favoring disposition of cases on their merits, that factor is outweighed here. Indeed, it is Plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

Therefore, after careful consideration, the Court concludes dismissal with prejudice for failure to prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689 (approving court's sua sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders).

## **ORDER and RECOMMENDATIONS**

Accordingly, the Clerk of the Court is ORDERED to randomly assign a district

judge to this action.  Further, IT IS HEREBY RECOMMENDED that:

      1.     Plaintiff's action be DISMISSED with prejudice; and

      2.     The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: May 30, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

3, buie.2786